UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ALFRED WAYNE HAWKS                                                                 PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:10CV-P169-S

JOHN AND JANE DOES, et al.                                         DEFENDANTS

**MEMORANDUM OPINION**

      This is a civil rights action, brought pursuant to 42 U.S.C. § 1983, by Alfred Wayne Hawks, an inmate at the Kentucky State Reformatory in LaGrange, Kentucky, against the Kentucky Department of Corrections (DOC) and a number of officials within the DOC. Hawks, who has Hepatitis C, claims that he has not received adequate medical treatment for his condition. Defendant Scott Haas, who is the Medical Director for the Kentucky Department of Corrections, now moves for summary judgment on the issue of his individual liability for monetary damages.

      A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact arises when there is "sufficient evidence on which the jury could reasonably find for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1985). The evidence presented must be construed in the light most favorable to the non-moving party. *Blakeman v. Mead Containers*, 779 F.2d 1146, 1150 (6th Cir. 1985).

      Hawks argues that one "obvious problem" with Haas' motion is that no discovery has taken place, DN 67 at 4, and claims that he must be allowed the opportunity to conduct discovery pursuant to FED. R. CIV. P. 56(d)(2). This Rule, however, provides, that "if a nonmovant shows by *affidavit*

*or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery." FED. R. CIV. P. 56(d)(2) (emphasis added). Hawks has submitted no affidavit or declaration with his motion and fails to identify what material facts he would hope to uncover in the course of further discovery on the issue of Haas' individual liability. Nor is it clear how further discovery would prove helpful to the survival of Hawks' individual capacity claims against Haas. We will therefore proceed to rule on the merits of Haas' motion.

In § 1983 actions, "officials should be personally liable in damages only for their own unconstitutional behavior." *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). "[E]ven if a plaintiff can prove a violation of his constitutional rights, his § 1983 claim must fail against a supervisory official unless the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009).

Haas has submitted, through an affidavit, evidence that he did not participate in any medical treatment decision for Hawks or give any directions to medical staff regarding Hawks' treatment prior to Hawks' filing of the instant action. Haas Aff. (DN 45-2) ¶ 3. In fact, Haas avers that he had no knowledge of Hawks' medical condition or Hawks' allegations about his treatment until Hawks filed his lawsuit. *Id.* ¶ 4.

Hawks does not dispute these facts. Rather, Hawks claims that Haas should nonetheless be liable in an individual capacity because, Hawks claims, Haas "effectuat[ed] a policy of liver management that ruled out proper medical care to [Hawks] based solely on the policy." DN 67 at 9. In making this argument, Hawks relies heavily on *Roe v. Elyea*, 631 F.3d 843 (7th Cir. 2011). In

*Elyea*, the Seventh Circuit Court of Appeals upheld a finding of liability against the Medical Director of the Illinois Department of Corrections (IDOC) for his role in overseeing and implementing a Hepatitis C policy that was found to be constitutionally deficient. *See id.* at 867. Hawks' reliance on this case is misplaced. While the court in *Elyea* held that it was proper to hold the IDOC Medical Director liable for actions he took in his role as a policy maker (in other words, in his official capacity), Hawks does not point to – and this court was not able to find – any part of the opinion that upheld *individual* liability against him. *Elyea* thus does nothing to help Hawks' case.

Because the record shows that Haas played no personal role in Hawks' treatment, and because Hawks has pointed to no evidence or legal authority to the contrary, and has not shown that further discovery is warranted, we will grant Haas' motion for summary judgment on Hawks' individual capacity claims.

A separate order will issue in accordance with this opinion.

August 5, 2011

**Charles R. Simpson III, Judge**
**United States District Court**