UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ALFRED WAYNE HAWKS, PLAINTIFF

v. CIVIL ACTION NO. 3:10-cv-169-CRS

JOHN AND JANE DOES, ET AL., DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on motion of the defendants, CorrectCare-Integrated Health, Inc. ("CorrectCare"), Angela Clifford, M.D. ("Clifford"), and Roy Washington, ARNP ("Washington") (and collectively, "Defendants") (DN 77) to dismiss the amended complaint of the plaintiff, Alfred Wayne Hawks ("Plaintiff") (DN 12), without prejudice, pursuant to Fed.R.Civ.P. 12(b)(5) for insufficiency of service of process and Fed.R.Civ.P. 12(b)(6) for lack of personal jurisdiction. Plaintiff filed a response (DN 81) and Defendants filed a reply (DN 84). Also before the court is a motion of the defendant, Steven I. Shedlofsky, M.D. ("Shedlofsky") to dismiss Plaintiff's amended complaint for insufficiency of service of process (DN 78). Plaintiff filed a response to the motion (DN 82) and Shedlofsky filed a reply (DN 83). Last, a motion to dismiss by the defendants, Scott Haas, M.D. ("Haas") and the Kentucky Department of Corrections ("Department of Corrections" and collectively, "Defendants") is before the court, asserting Plaintiff's official capacity claims against Haas should be dismissed on the ground that such claims are moot (DN70). The court finds as follows.

I. **Motion of CorrectCare, Clifford, and Washington to dismiss the amended complaint**.

Defendants CorrectCare, Clifford, and Washington argue that the amended complaint should be dismissed because Plaintiff failed to comply with Federal Rule of Civil Procedure 4(m). Fed.R.Civ.P. 4(m) states in pertinent part:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period...

Fed.R.Civ.P. 4(m). Defendants assert that they have yet to be served in this action, either personally or through an appointed agent authorized to receive service. Thus, Defendants argue that the court lacks jurisdiction over them.

Plaintiff requested the Court to serve Defendants (DN 13), and the Court granted that request in an order dated April 26, 2010. (DN 15). Plaintiff is a prisoner and at the time was acting as a *pro se* litigant. The Court granted Plaintiff's request and further ordered that

> **the Clerk of Court shall forward by certified mail, return receipt requested, one copy of the amended complaint (DN 12) and this Order, to the Justice & Public Safety Cabinet, Office of Legal Counsel, Frankfort, Kentucky**. General Counsel shall have 30 days after receipt by certified mail of the amended complaint and this Order to complete and return a notice of waiver of service for Dependants. **Should counsel for the Justice & Public Safety Cabinet not represent any Defendant, the Court requests General Counsel to provide a last known address for that Defendant so that it may ensure service.**

(DN 15). On May 25, 2010, a waiver of service was filed with the Court on behalf of the defendants Haas and Department of Corrections. (DN 20). The waiver also stated that the "remaining Defendants are either unknown John/Jane Doe defendants or employees of Correct Care Integrated Health, and therefore, are not represented by the Department of Corrections' General Counsel's Office. As a result, undersigned counsel cannot waive service on their behalf." *Id*. Apparently, last

known addresses for Defendants were never provided to the Court and service of process was never completed.

Plaintiff argues that because the Court granted his request to provide service, the subsequent failure to effectuate service of process upon Defendants should constitute good cause warranting extended time for service under Fed.R.Civ.P. 4(m). Plaintiff cites *Byrd v. Stone*, 94 F.3d 217 (6th Cir. 1996), in support. *Byrd* involved a plaintiff proceeding in forma pauperis and the Court relied on 28 U.S.C. 1915(c) which requires the court to appoint a United States Marshal to serve plaintiff's process when the plaintiff is authorized to proceed in forma paperis. *Id.* at 219. The Court held that the United States Marshal's failure to accomplish his statutory duty by service of process on the defendants within 180 days constitutes a showing of "good cause" under Fed.R.Civ.P. 4. *Id.* at 220.

In this case, Plaintiff is not proceeding in forma pauperis and there is no statutory duty of the Court or the United States Marshal to effectuate process. However, we still find that a showing of good cause was made here. The Court granted Plaintiff's request to serve Defendants. In its order, the Court set forth specific steps to be taken in order to effectuate such service. Apparently, the mandated action was not completed and complete service of process not effectuated. We find this is sufficient for a showing of "good cause" under Fed.R.Civ.P. 4(m). The motion to dismiss will be held in abeyance and Plaintiff's counsel given twenty-one (21) days to effect service of process.

We note that Plaintiff is no longer proceeding *pro se* and has acquired representation. Plaintiff's counsel have undertaken a responsibility to represent their client and have the means to effectuate service of process upon all defendants. Given the changed circumstances, the Court's order granting Plaintiff's request to serve defendants (DN 15) is ineffective going forward. Pursuant

to the separate order entered this date, Plaintiff's counsel will have twenty-one (21) days to complete service of process upon Defendants, or Defendants' motion to dismiss will be granted.

## II. **Motion of Shedlofsky to dismiss the amended complaint**.

Shedlofsky also argues that the Amended Complaint should be dismissed as against him because of Plaintiff's failure to effectuate service of process. (DN 78). In Accordance with the reasoning set forth above, this motion will be held in abeyance as well. We have found that a showing of "good cause" under Fed.R.Civ.P. 4(m) has been established. The Court originally granted Plaintiff's *pro se* request for service on Defendants, and the Court's order dictated that counsel for the Justice & Public Safety Cabinet provide addresses for all Defendants in order for it to complete service. (DN 15). The addresses were never provided to the Court and service of process was not effectuated on all Defendants. Therefore, we find this is sufficient for "good cause" under Fed.R.Civ.P. 4(m) for Plaintiff not to have completed service within 180 days. However, we note again that Plaintiff is now represented by counsel who should immediately undertake effectuating proper service of process on all Defendants. As will be provided in the accompanying order entered this date, Plaintiff's counsel will have twenty-one (21) days to complete service on Shedlofsky and the other Defendants who have not yet been served, or the motions to dismiss will be granted.

## III. **Motion of Haas and Department of Corrections to dismiss official capacity claims**.

Last, the court considers the motion of Haas and Department of Corrections to dismiss official capacity claims of Plaintiff against Haas. Defendants argue that because Haas has left his position with Department of Corrections, all official capacity claims against Haas seeking injunctive relief are moot. (DN 70, at 1). Plaintiff has not responded to the motion.

The official capacity claims against Haas can, as a matter of law, only seek injunctive relief provided through his official position. *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Defendants are correct that a claim is moot where the named Defendant no longer holds the official capacity necessary to provide the relief. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998). The motion to dismiss official capacity claims against Haas will be granted. This court has already granted Haas' motion for summary judgment on his individual capacity claims (DN 72) and therefore, no further claims exist against Haas.

The official capacity claims do remain against the Commonwealth through the other named Defendant, the Kentucky Department of Corrections. *See Graham*, 473 U.S. at 166 n.11 ("In an official-capacity action in federal court, death or replacement of the named official will result in automatic substitution of the official's successor in office.") (citing Fed.R.Civ.P. 25(d)(1)).

An order consistent with this opinion will be entered this date.

February 10, 2012

Charles R. Simpson III, Judge
United States District Court