UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ALFRED WAYNE HAWKS                                                       PLAINTIFF

v.                                                     CIVIL ACTION NO. 3:10CV-169-S

JOHN AND JANE DOES, et al.                                        DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court for consideration of the motion of the defendant, Alfred Wayne Hawks,[1] for substitution of party (DN 155) and the joint motion of the defendants, Steven I. Shedlofsky, M.D., CorrectCare-Integrated Health, Inc., Angela Clifford, M.D., Rashid Faiyaz, M.D., and Roy Washington, ARNP,[2] to dismiss for failure to timely file a motion to substitute (DN 156). For the reasons set forth herein, the motion to dismiss will be granted, the motion for substitution of party will be denied, and the complaint will be dismissed with prejudice.

The procedural history of this case is undisputed.

This action was originally filed *pro se* by Alfred Wayne Hawks alleging that he was receiving inadequate medical care for his Hepatitis C while incarcerated in the Kentucky prison system. Counsel entered an appearance in February, 2011 on behalf of Mr. Hawks. Discovery and dispositive motion practice proceeded until August 23, 2012 when his counsel filed a Suggestion

---

[1] The motion states that "[c]ounsel for Plaintiff, Alfred Wayne Hawks, deceased, request the Court to substitute Angela Toler, Administratrix of the Estate if Alfred Wayne Hawks, as Plaintiff in this action." (DN 155). The motion should have been made by the decedent's representative, as required by Fed.R.Civ.P. 25(a)(1).

[2] The Kentucky Department of Corrections filed an objection to the motion for substitution of party in which it joins in the joint motion to dismiss. (DN 158).

of Death upon the Record (DN 150). The court entered an order on August 30, 2012 administratively remanding the pending motions pending further information concerning the continued viability of the action after Mr. Hawks' death. On November 23, 2012, ninety-two days after the filing of the Suggestion of Death, Hawks' counsel sought substitution of Angela Toler, Hawks' sister and the administratrix of Hawks' estate, as plaintiff. (DN 155). Toler qualified as executrix of the estate on September 18, 2012. (DN 155-1).

On December 10, 2012, defendants Shedlofsy, CorrectCare, Clifford, Faiyaz, and Washington filed a response objecting to substitution, and filed a joint motion to dismiss the action for failure of the administratrix to move for substitution within the ninety-day time limit of Fed.R.Civ.P. 25(a)(1). (DNs 156, 157). The Kentucky Department of Corrections joined the motion. (DN 158). Responses and replies were filed. No motion for leave to file out of time has been filed, despite the acknowledgment that the motion for substitution of party was untimely. Rather, the sole argument raised is that the lateness of the motion should be overlooked due to excusable neglect. (DN 161). As no grounds sufficient to establish excusable neglect have been shown, the motion for substitution of party must be denied.

> Fed.R.Civ.P. 25(a)(1) states that
>
> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

The Advisory Committee Notes to the rule contain the following insightful text:

> The amended rule [ incorporating the 1963 amendments] establishes a time limit for the motion to substitute based not upon the time of death, but rather upon the time information of the death is provided by means of a suggestion of death upon the record, ie. service by means of a statement of the fact of the death...The motion may

> not be made later than 90 days after the service of the statement unless the period is extended pursuant to Rule 6(b), as amended...A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. Indeed, the motion will usually be so made...A motion to substitute made within the prescribed time will ordinarily be granted..

Fed.R.Civ.P. 25 Adv. Comm. Note.

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time...on motion made after the time has expired if the party failed to act because of excusable neglect."

First, we note that the administratrix of the estate of Alfred Wayne Hawks has never made a motion to extend time pursuant to Fed.R.Civ.P. 6(b)(1)(B). In the administratrix' response to the motion to dismiss, she requests that her response be treated as a supplement to the motion for substitution of party,[3] citing Fed.R.Civ.P. 15(a) and (d). Again, this "request" in a responsive brief is not a motion, nor is Rule 15 applicable to motions to file supplemental memoranda or motions. Motions are not "pleadings" under the Federal Rules. *(See* Advisory Committee Notes to Rule 15 stating that "...a motion is not a "pleading" as defined in Rule 7.").

Assuming, *arguendo*, that the administratrix of the estate of Alfred Wayne Hawks were deemed to have filed a motion to be substituted as plaintiff, supported by a memorandum in support and accompanied by a later motion for leave to file her motion out of time, the administratrix would then be required to establish that failure to comply with the requirements of Fed.R.Civ.P. 25(a) because of excusable neglect.

In order to satisfy the standard for excusable neglect, the tardy party must show that the balance of five factors weighs in her favor:

---

[3]This court has already noted that the motion to substitute party was not filed by the administratrix of the estate, nor was it accompanied by a memorandum of law in support.

    (1) the danger of prejudice to the nonmoving party,

    (2) the length of the delay and its potential impact on judicial proceedings,

    (3) the reason for the delay,

    (4) whether the delay was within the reasonable control of the moving party, and

    (5) whether the late-filing party acted in good faith.

*Nafzinger v. McDermott International, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006), *citing Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

    Two days after his death, counsel for Mr. Hawks filed a notice of his death in the record. However, more than two months passed before the filing of a motion to substitute the administratrix of the estate. Ms. Toler was appointed administratrix on September 18, 2012. The motion for substitution of party was not filed for over two months thereafter. Nothing was filed with this court to indicate that there was or would be a problem in meeting the Rule 25 deadline. The motion was filed two days late unaccompanied by a memorandum of law or a motion for leave to file out of time. Further, it was not filed by the decedent's representative as required by the rule. Even after the filing of the defendants' motion to dismiss, no motion for leave to file out of time or proposed amendment to the motion to conform with the rule was forthcoming.

    The response to the motion to dismiss urges the court overlook the dilatory practice in favor of addressing the merits of the case and to deem the response a memorandum in support of the motion for substitution of party. Ms. Toler states, in pertinent part, in her affidavit that

> I have not been well and am under a doctor's care for a serious illness. As a result, I have been unable to communicate with my counsel about filing the substitution papers with the Court. Also, one of my attorneys has also had health issues. So, given the unusual circumstances of health issues that are the fault of no one, I

>humbly ask the Court to find our filing the substitution papers on November 23, 2012 instead of November 21, 2012 is excusable neglect.

Toler Aff., ¶ 7.

This affidavit provides no information beyond the statement that she has "not been well," which rendered her "unable to communicate with counsel." She also indicates that one, but not both, of her counsel "had health issues." Counsel has not submitted an affidavit to that effect. Further, the court is disinclined to accept Ms. Toler's statement as to her inability to meet the deadline in this case in light of the fact that she filed an Inventory and Appraisement of Mr. Hawks' estate on November 21, 2012 in the Oldham County Probate Court. DN 163-1.

Based upon the foregoing recitation of facts, the court is hard-pressed to find good faith. The reason for delay lacks any specificity beyond the generalized claim of illness. Her purported infirmity is somewhat incredible in light of her ability to comply with the same deadline in the probate court.

The lateness of the filing by two days is of little import in these judicial proceedings as a whole. However there is simply not a satisfactory explanation for the failure of one of Hawks' counsel to make a motion for extension of time when it became apparent that meeting the Rule 25 deadline would be problematic. Additionally, the continuing lack of compliance with the Federal Rules of Civil Procedure and of the rules of this court is within the control of the late-filing party and thus militates against a finding of excusable neglect[4]. Indeed, the defendants have indicated numerous instances in this case where the plaintiff sought and obtained extensions of time. We note

---

[4]"Clients must be held accountable for the acts and omissions of their chosen counsel." *Nafzinger,* 467 F.3d at 524, *quoting Pioneer,* 113 S.Ct. at 1489.

herein that no excusable neglect was established in *Nafzinger*, *supra*., in which the plaintiffs similarly missed a deadline by two days.

The court concludes that a showing of excusable neglect has not been made out. The motion for substitution of party (DN 155) will be denied, the motion to dismiss (DN 156) will be granted, and the action will be dismissed. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

January 22, 2013

**Charles R. Simpson III, Judge**
**United States District Court**